### ALLIN v. HISCOCK.

On *nul tiel* record, plead — the court ordered the original record of the justice to be produced for inspection.

WRIT OF ERROR, to reverse a judgment of a justice.

The defendant plead — That there was no such record as set forth in the writ of error — the plaintiff replied that there was; and prayed the inspection of the record — the plaintiff then produced a certified copy from the justice in proof of the record; and the defendant produced also a certified copy from the same justice, which was different; upon which the court sent to the justice to bring his original record, in order for inspection; upon which it appeared there was no such record as set forth in the writ of error, and judgment was accordingly, and that the writ abate.

### FITCH, JUDGE OF PROBATE, v. LOTHROP ET AL.

In an action on a probate bond the breach must be directly and positively averred.

ACTION upon the administration bond, given for said John. In the declaration the penal part and the condition of the bond were set forth, with an averment; that the defendants had never paid said penalty, nor performed the condition of said bond.

To this declaration the defendants demur — And the following exceptions were taken; 1st. That a bondsman is not liable; unless the administrator has committed a *devastavit*, and in some point been deficient in his duty; and that this ought to appear from the declaration. 2d. The averment is that the defendants have never performed the conditions of said bond; which is a negative pregnant, for the administrator may have performed the conditions; although the defendants have not. Judgment that the declaration is insufficient.